UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-08-0559 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| WENDY MAYER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-08-0560 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| WENDY MAYER, *et al.*, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | | |
|---|---|---|
| RONALD PRUDEN, | : | |
| | : | |
| Plaintiff, | : | CIVIL NO. 3:CV-08-0561 |
| | : | |
| v. | : | (Judge Caputo) |
| | : | |
| Dr. KOREN, *et al.*, | : | |
| | : | |
| Defendants. | : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| RONALD PRUDEN, : | |
| : | |
| Plaintiff, : | CIVIL NO. 3:CV-08-0562 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| MEDICAL DIRECTORS, *et al.*, : | |
| : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| | |
|---|---|
| RONALD PRUDEN, : | |
| : | |
| Plaintiff, : | CIVIL NO. 3:CV-08-0571 |
| : | |
| v. : | (Judge Caputo) |
| : | |
| SUPERINTENDENT, *et al.*, : | |
| : | |
| Defendants. : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

# O R D E R

## BACKGROUND

Plaintiff Ronald Pruden, an inmate confined at the Graterford State Correctional Institution ("SCI-Graterford") in Graterford, Pennsylvania, filed the above civil rights actions pursuant to 42 U.S.C. § 1983. Named as Defendants in the actions are the Superintendent of SCI-Graterford, as well as and several staff members at that institution, including the Medical Director; Grievance Coordinator, Wendy Mayer; and psychiatrist, Dr. Koren. Also named is Myron Stanishefski, the Department of Corrections Health

2

Administrator. In *Pruden v. Medical Directors, et al*, Civil Action No. 3:CV-08-0562, Plaintiff again names the SCI-Graterford Medical Director and Superintendent, and also names the Medical Directors at SCI-Camp Hill, Cresson, Smithfield, and Houtzdale, as well as various doctors and medical personnel employed at those facilities.

Plaintiff seeks to proceed *in forma pauperis* in each of these actions. For the reasons set forth below, Plaintiff's complaint will be dismissed, without prejudice, pursuant to the screening provisions of 28 U.S.C. § 1915(g).

## ALLEGATIONS IN COMPLAINTS

In Civil Action No. 3:CV-08-0559, Plaintiff alleges that he has been subjected to eight years of deliberate infliction of pain and has been retaliated against in the form of beatings. Plaintiff attached copies of various grievances he filed in February and March 2008 in which he complains about the medical treatment he received. A response by Defendant Stanishefski dated February 20, 2008 states as follows: "You have been seen numerous times by numerous physicians. They have taken the time to explain the disease processes to you and discuss your medical condition. Your grievance is frivolous and denied." (3:CV-08-0559, Doc. 1 at 5.) In another response, Defendant Stanishefski states as follows: "Your medication has not changed. You do not exhibit any symptoms. You are still on Miropex. Your grievance is denied." (*Id.* at 6.)

In Civil Action No. 3:08-0560, Plaintiff alleges as follows:

Plaintiff is physically ill and has been refused treatment. (3:CV-08-0560, Doc. 1 at 2.) When he went to sick call in January and said he needed to re-order Tylenol, the

3

doctor tried to retaliate against him by giving him a dose of his Parkinson's disease medication that is not adequate.  (*Id.*)  Several doctors have told Plaintiff that he is a liar and hypochondriac.  (*Id.* at 3.)  He demands medical treatment adequate to relieve his illness so that it does not progress to death.  (*Id.*)

In Civil Action No. 3:CV-08-0561, Plaintiff alleges that Defendant Koren, a psychiatrist at SCI-Graterford, is attempting to cause Plaintiff death because he has "implyed" [*sic*] the refusal of medical services.  (3:CV-08-0561, Doc. 1 at 2.)  Plaintiff states that Koren is responsible for a "medical unemployed paygroup."  (*Id.*)  While his allegations are difficult to decipher, Plaintiff states that he has been classified as legally disabled by the United States government and, as a result, he received a designation to a certain "paygroup" at previous institutions where he was incarcerated.  (*Id.*)  He also complains that he was informed that he is not mentally competent to receive the same service program as the other 13 inmates in the special needs unit where he is housed, and "they" refuse to acknowledge his "need."  (*Id.*)

In Civil Action No. 3:CV-08-0562, Plaintiff does not make any allegations.  Instead, he refers to a "document/history" that he attaches as an exhibit, requests injunctive relief, and makes a vague reference to a "Camp Hill response" to one of his grievances.  (3:CV-08-0562, Doc. 1 at 2.)  Attached to the Complaint is Plaintiff's handwritten history of the medical treatment that he has received at the various institutions where he has been incarcerated.

In Civil Action No:3-CV-08-0571, Plaintiff alleges that he has been assaulted for "various years at a time" and that he has attached exhibits that are "explanatory."  (3:CV-

08-0571, Doc. 1 at 2.) He further complains that he was put in a program, but never put in the program because he is on restricted cell status and has been put in "double jeopardy" by being punished for fights that are long over. (*Id.*) Finally, he avers that he has been refused "life-threatening med. that could slow an illness." (*Id.*)

## DISCUSSION

Under § 1915(g), a federal civil action by a prisoner proceeding *in forma pauperis* is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has initiated the following civil actions, which were dismissed either by this Court or by the Third Circuit Court of Appeals under 28 U.S.C. § 1915(e)(2)(B) as being frivolous: (1) *Pruden v. SCI-Camp Hill, et al*, Civil No. 3:07-CV-0604 (M.D. Pa. June 21, 2007) (complaint dismissed for failure to prosecute after Plaintiff failed to file amended complaint in compliance with Court Order), *appeal dismissed*, No. 07-3073 (3d Cir. October 30, 2007) (appeal dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); (2) *Pruden v. Schuylkill County Prison Medical Staff, et al*, Civil No. 3:07-CV-0006 (M.D. Pa. February 6, 2007) (complaint seeking injunctive relief as to conduct occurring at prisons other than Plaintiff's current place of incarceration dismissed as moot), *appeal dismissed*, No. 07-3072 (3d Cir. November 6, 2007) (appeal dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B)); (3) *Pruden v. Department of Corrections*, Civil No. 3:07-CV-0768 (M.D. Pa. May 15, 2007) (complaint dismissed *sua sponte* as frivolous), *appeal dismissed*, No. 07-3074 (3d Cir. October 4, 2007)(appeal dismissed for lack of jurisidiction because Plaintiff filed appeal beyond time prescribed by FED. R. APP. P. (4)(a)(1)(A)).

The "imminent danger" exception to 1915(g)'s "three strikes" rule is inapplicable in this case. The Third Circuit Court of Appeals has concluded that the requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed. *See Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312 (3d Cir. 2001)(en banc), *cert. denied*, 533 U.S. 953 (2001). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002).

In general, Plaintiff alleges that he has been denied medical treatment at the various institutions where he has been incarcerated, including SCI-Graterford. The fact that his allegations are spread over such a long period of time suggests that he was not in imminent danger of serious physical injury at the time he filed the current actions. Moreover, Plaintiff contradicts himself in that he alleges that he has been denied medical treatment, yet, he also admits that he is receiving medical treatment when he articulates his disagreement with the dosages of medications that have been prescribed for him. With regard to his allegation that he has been denied a "paygroup," the meaning of this allegation is unclear, and Plaintiff fails to specify the resulting harm. Upon application of the standards announced in § 1915(g) to Plaintiff's allegations taken as a whole, it is apparent that Plaintiff's present civil rights actions are barred under 1915(g).

**NOW, THEREFORE, this 2nd day of April, 2008, it is hereby ORDERED as follows:**

1. Plaintiff's requests to proceed *in forma pauperis* in the above-captioned actions are **DENIED** in accordance with 28 U.S.C. 1915(g), and the actions shall be **DISMISSED**.

2. The Administrative Orders previously issued in the above-captioned cases are **VACATED.** The Clerk of Court shall cease the withdrawal of any funds from Plaintiff's inmate account. If any monies have been withdrawn in payment toward the filing fees n said actions, they are to be refunded to Plaintiff.

3. The Clerk of Court shall **CLOSE** the above-captioned cases.

        s/ A. Richard Caputo
        A. RICHARD CAPUTO
        United States District Judge